RECEIVED

JUN 1 1 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

Clerk's Office
A True Copy

June 12, 2012

Deputy Clerk, U. S. District Court
Western District of Louisiana
Shreveport, LA

**IN RE: ACTOS PRODUCTS LIABILITY LITIGATION**

| | | |
|---|---|---|
| John Buchanan v. Takeda Pharmaceuticals North America Inc., et al., N.D. Alabama, C.A. No. 5:12-00498 | ) ) ) | MDL No. 2299 |
| Greg Bowerman v. Takeda Pharmaceuticals USA Inc., et al., E.D. Arkansas, C.A. No. 4:12-00160 | ) ) | |

**TRANSFER ORDER**

**Before the Panel:**[*]  Pursuant to Panel Rule 7.1, plaintiffs in these actions (*Buchanan* and *Bowerman*) move to vacate our orders conditionally transferring the actions to MDL No. 2299. Responding defendants oppose the motions.[1]

The *Buchanan* plaintiff argues the merits of his motion for remand to state court, which has been denied by the Northern District of Alabama court.  Plaintiff contends that if that court certifies the remand ruling as final, he will then take an appeal, and the ruling will be reversed.  Since plaintiff submitted his brief to the Panel, however, the Northern District of Alabama court denied his request for certification.

The *Bowerman* plaintiff argues that we should not transfer his action unless and until the Eastern District of Arkansas court denies his motion for remand to state court.  Plaintiff further argues that his action is not a personal injury action, and thus unlike a majority of the actions in the MDL.  Plaintiff's first argument is moot, as after briefing in this matter closed, the Eastern District of Arkansas court denied remand.  Plaintiff's second argument – that he has not brought a personal injury action – is insufficient to warrant vacatur.  The complaint in *Bowerman* plainly alleges that the Takeda and Lilly defendants knew or should have known that Actos use was associated with bladder cancer, failed to issue warnings concerning the risk of bladder cancer from taking Actos, and concealed the risks associated with Actos use.  These issues are at the core of the MDL.

After considering all argument of counsel, we find that these two actions involve common questions of fact with actions previously transferred to MDL No. 2299, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the

---

[*]   Judge Kathryn H. Vratil took no part in the decision of this matter.

[1]   These defendants are Takeda California, Inc.; Takeda Pharmaceuticals U.S.A., Inc.; Takeda Global Research & Development Center, Inc.; Takeda Pharmaceuticals LLC (except with respect to *Bowerman*); Takeda Pharmaceuticals International, Inc.; Takeda Pharmaceutical Company Limited (collectively Takeda); and Eli Lilly & Company (Lilly).

- 2 -

litigation.  Moreover, transfer is warranted for the reasons set out in our original order directing centralization.  In that order, we held that the Western District of Louisiana was an appropriate Section 1407 forum for actions involving "claims arising from the use of Actos, a prescription medication approved for use in the treatment of type 2 diabetes."  *See In re: Actos Prods. Liab. Litig.*, — F. Supp. 2d —, 2011 WL 6889721, at *1 (J.P.M.L. Dec. 29, 2011).  Plaintiffs in the previously-centralized actions allege that the use of Actos results in "an increased risk of developing bladder cancer," and that defendants "concealed their knowledge of this risk and failed to provide adequate warnings to consumers and the health care community."  *Id.*  Here, the *Buchanan* action involves allegations that the plaintiff developed bladder cancer as a result of taking Actos, and, as explained above, the *Bowerman* action involves allegations that defendants knew or should have known that Actos use was associated with bladder cancer, failed to issue warnings concerning the risk of bladder cancer from taking Actos, and concealed the risks associated with Actos use.  Both actions fall squarely within this MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Western District of Louisiana and, with the consent of that court, assigned to the Honorable Rebecca F. Doherty for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro         Marjorie O. Rendell
Charles R. Breyer

| District | Case No. | Caption | WDLA # |
|----------|----------|---------|--------|
| ND/AL | 5:12-cv-00498 | John Buchanan v. Takeda Pharmaceuticals | 6:12-cv-1589 |
| (Originally attached to CTO 7) | | | |
| ED/AR | 4:12-cv-00160 | Greg Bowerman v. Takeda Pharmaceuticals | 6:12-cv-1590 |
| (Originally attached to CTO 13) | | | |